O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-0376-DOC(JPRx)						Date:  December 11, 2013

Title: HITCHCOCK V. CAHILL, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):	ORDER AFFIRMING AWARD OF ATTORNEYS' FEES**

Before the Court is the Magistrate Judge's Order awarding Plaintiffs $5,700 in attorneys' fees.  *See* Order ("Fees Order", Dkt. 63).  Defendants filed an objection, arguing that attorneys' fees were inappropriate.

	I.	Background

The attorneys' fees issue is part of an underlying discovery dispute between the parties.  Plaintiff filed a Motion to Compel (Dkt. 36).  For several weeks through April and May 2013, Defendants failed to respond to repeated attempts by Plaintiff to communicate and confer.  Defendants did not communicate and failed to produce the proper initial disclosures because they believed they would be dismissed from the case.  *See* Objection at 2-3.  When Defendants realized they would remain part of the case, they requested a Rule 37 conference with Plaintiff to discuss the late disclosures.  *Id*. at 3.

At that point, Defendants concede they were late to the party.  The parties did confer and Defendant offered to provide its initial disclosures by May 30, 2013, but Plaintiff declined to put off filing a motion to compel.  After Plaintiff filed his motion and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0376 (JPRx)                  Date: December 11, 2013
                                                                                                    Page 2

incomplete joint stipulation on May 29, 2013, Defendants did not respond or otherwise participate in the briefing of that issue. The Magistrate Judge denied the motion to compel on June 26, 2013, and gave Defendants the opportunity to respond on the attorneys' fees issue. At that point, Defendants filed an opposition. The Magistrate Judge awarded fees to the Plaintiff in the amount of $5,700. Defendants objected.

       II.        Standard of Review

"Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any *nondispositive pretrial* matter pending before the court." *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). "The primary difference between subsections 1(A) and 1(B) is that the former allows the magistrate to 'determine' the matter (subject to the review of the district court for clear or legal error) while the latter allows the magistrate only to submit 'proposed findings and recommendations' for the district court's *de novo* review." *Id*. (internal quotation marks and citation omitted); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

The issue decided by the Magistrate Judge in this case was certainly pretrial, and so fits into § 636(b)(1)(A) in that sense. Defendant is correct that the Central District General Order 05-07 prevents Magistrate Judges from deciding "Applications or motions for attorney's fees and costs." G.O. 05-07. However, the General Order was adopted in 2005, and Central District courts appear to interpret this provision as not including pretrial fee requests based on individual motions, but rather post-trial fee requests. *See Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) (determination by Magistrate Judge on fees associated with a motion to compel).

The Court is not convinced that de novo review is necessary, but adopts that standard to be particularly cautious. Because the Court finds that the result would be the same regardless of the standard, final determination of the standard of review question is not necessary.

       III.       Analysis

Defendants (other than Bonham's & Butterfields Auctioneers, Corp.) argue that Plaintiff is not entitled to the fees associated with the motion to compel because the initial motion to compel was "improper and pointless." Defendants' Opposition to Demand

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0376 (JPRx)                                             Date: December 11, 2013
                                                                                                     Page 3

---

("Opp'n") (Dkt. 56) at 4. Specifically, Defendants claimed that: 1) Plaintiff conferred in bad faith and refused to honor an agreement to accept disclosures by May 30, 2013; and 2) did not send a Joint Stipulation and give Defendants seven days to respond, in violation of L.R. 37-2.2. *Id.* at 4-5. Defendants also argue that Plaintiff cannot recover fees for his supplemental motion because Plaintiff: 1) added new factual issues when he was only privileged to add new legal arguments; and 2) the claimed disclosures were meritless. *Id.* at 6-7.

Plaintiff responds that Defendants were very late in turning over discovery, necessitating the motion to compel initial disclosures. Reply (Dkt. 60) at 4-5. Plaintiff further argues that the initial disclosures were incomplete, preventing Plaintiff from withdrawing the motion as they agreed to do if Defendants disclosed properly. Plaintiff argues that he reached no agreement with Defendants about a disclosure date. *Id.*

Plaintiff made repeated attempts to confer with Defendants about the initial disclosures, but Defendants were non-responsive through most of April and May 2013. *See* Higham Decl. (Dkt. 36-2) at 3-4. When Defendants finally responded to Plaintiff, they offered to turn over initial disclosures by May 30, 2013. While Defendants characterize this as an "agreement," the evidence is clear that Plaintiff never agreed; instead, Plaintiff said that disclosure by that date would be welcome, and that Plaintiff would withdraw its motion if satisfied with those disclosures. *See* Higham Decl., Ex. 9. One can understand Plaintiff's reticence to take counsel at their word. The Court finds that no agreement existed.

The Court also finds unavailing Defendants' claims that Plaintiff failed to give them adequate time to respond or join in the joint stipulation. First, Defendants had already failed to confer under Rule 37, and so Plaintiff was not obligated to file a Joint Stipulation. *See* L.R. 37-2.4(a). Furthermore, Defendants never responded in any way to Plaintiff's motion to compel, requiring later additional briefing after the Magistrate Judge initially ruled. Defendants could have participated earlier, but did not. Any arguments about being prevented from participating, then, are rejected.

The Court also finds that Plaintiff's motion was necessary to prompt appropriate disclosures. Defendants were absent for weeks and made no effort to communicate. Even after Plaintiff filed the motion to compel, Defendants did not respond. Not until the Magistrate Judge found against Defendants did they participate in the briefing process. Although Plaintiff's supplemental motion to compel was found meritless, Defendants did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0376 (JPRx)                          Date: December 11, 2013
                                                                                                         Page 4

have to submit a supplemental disclosure to fully comply with their initial disclosure obligations because they initially failed to disclose the identity of the original restorer (Defendant Cahill's father). *See* Sunukjian Decl. (Dkt. 56) ¶ 8; June 26 Order at 2; Reply (Dkt. 60) at 4. This disclosure would not have been necessary had Defendants not planned to introduce that witness. Ultimately, however, that disclosure was tardy in that it was made.

Thus, after reviewing de novo the record and legal standards, the Court agrees with the Magistrate Judge that Plaintiffs are entitled to their attorneys' fees in preparing only the initial motion to compel. Upon reviewing the claimed fees, the Court also agrees with the Magistrate Judge that the requested amount, over $16,000, is unreasonable. *See* Higham Decl. ¶ 18 (estimating $10,200 in fees at $425/hour); Kline Decl., (Dkt. 36-1) at ¶ 5 (estimating $6,600 in fees at $600/hour).

Mr. Kline should be awarded fees only for time he had already invested in filing the initial motion to compel, equal to one hour at $600 per hour. Kline Decl. ¶ 5. Mr. Higham claims he expended sixteen hours of time in attempting to procure initial disclosures. Higham Decl. ¶ 18. The Court agrees with the Magistrate Judge that Mr. Higham's time should be reduced to reflect the fact that the Motion to Compel could have been narrowed if Mr. Higham had waited. Upon review of the record, the Court further agrees that a reduction from sixteen hours to twelve is entirely appropriate. This brings the overall fee calculation to $5,700.

        IV.     Disposition

Under either a clear error or de novo standard, the Magistrate Judge's evaluation of the facts and law are entirely appropriate. The Court concludes that Plaintiffs are entitled to appropriate fees for their initial motion to compel, and that those fees are set at $5,700.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                            Initials of Deputy Clerk: jcb